UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOODS,<br><br>            Plaintiff,<br><br>     v.<br><br>T. TAYLOR, et al.,<br><br>            Defendants. | Case No.: 1:25-cv-01449-SKO<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE AN INMATE TRUST ACCOUNT STATEMENT WITHIN 14 DAYS** |

Plaintiff Richard Woods is appearing pro se in this civil rights action.

**I.     INTRODUCTION**

On October 31, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 Days. (Doc. 3.) On November 18, 2025, Plaintiff filed Application to Proceed In Forma Pauperis (IFP) by a Prisoner. (Doc. 5.)

**II.    DISCUSSION**

A review of Plaintiff's IFP application reveals it is incomplete. Page two of the IFP application requires the "Certificate" portion "To be completed by the institution of incarceration" and that a trust account statement be attached. Plaintiff's application includes a certification from FCI Mendota Case Manager A. Carasco that Plaintiff had "the sum of $ 0.28" on his account on November 12, 2025, and certifies that Plaintiff's "average monthly balance" and "average monthly deposits" were "$ 492.37" during the previous six months. However, "a

certified copy of applicant's trust account statement showing transactions for the past six months" was not attached. (*See* Doc. 5 at 2.)

As indicated in the Certificate portion of the IFP application, Case Manager Carasco certified that at various times in the past six months Plaintiff's monthly balance and deposits amounted to more than $490--a sum greater than the applicable filing fee. However, without a certified copy of Plaintiff's trust account statement "showing transactions for the past six months," the Court cannot determine whether a grant of IFP status is appropriate despite the 28-cent balance in Plaintiff's account on November 12. Courts may take into consideration deposits and purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *see also Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen JPAY [deposits] entries appearing on his Inmate Statement Report").

### III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Plaintiff to submit an inmate trust account statement for the previous six months **within fourteen (14) days of the date of service of this order**.

**Plaintiff is advised that a failure to provide the inmate trust account statement will result in a recommendation that this action be dismissed without prejudice for a failure to comply with Court orders.**

IT IS SO ORDERED.

Dated:   **November 20, 2025**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE