UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOODS,<br><br>           Plaintiff,<br><br>   v.<br><br>T. TAYLOR, et al.,<br><br>           Defendants. | Case No.: 1:25-cv-01449-SKO<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF DECEMBER 3, 2025**<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE A COMPLETE INMATE TRUST ACCOUNT STATEMENT AND DECLARATION UNDER PENALTY OF PERJURY EXPLAINING DEPOSITS AND WITHDRAWALS**<br><br>**14-DAY DEADLINE** |

Plaintiff Richard Woods is appearing pro se in this civil rights action.

**I.     INTRODUCTION**

On October 31, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 Days. (Doc. 3.)  On November 18, 2025, Plaintiff filed Application to Proceed In Forma Pauperis (IFP) by a Prisoner. (Doc. 5.)

On November 20, 2025, the Court issued its Order Directing Plaintiff to Provide an Inmate Trust Account Statement Within 14 Days. (Doc. 1.)  On December 3, 2025, Plaintiff filed an untitled document, docketed as an Inmate Trust Account Statement, indicating he was providing his "6 Month Trust Account Statement." (Doc. 7.) Attached was a one-page document bearing the heading "Federal Bureau of Prisons." (*Id*. at 2.)

## II. DISCUSSION

A review of Plaintiff's December 3, 2025, submission reveals that it is an insufficient response to the Court's order. Plaintiff was directed to provide an inmate trust account statement "'showing transactions for the past six months,' [because the Court could not] determine whether a grant of IFP status [was] appropriate despite the 28-cent balance in Plaintiff's account on November 12," and noted that the Court can consider "deposits and purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) …." (Doc. 6 at 2.) However, the recent submission does not include six-month activity of deposits and/or payments, or information regarding any purchases and/or sales.

Instead, the document provided includes a "Phone Balance" of $58.16, an "Account Balance" and "Available Balance" of $0.18, a "Pre-Release Balance" of $0.00, other zero balances pertaining to various encumbrances, instruments and/or holds, a "National 6 Months Deposits" total of $2,829.43, a "National 6 Months Withdrawals" total of $3,077.33, and an "Available Funds to be considered for IFRP Payments" total of $2,379.43. (Doc. 7 at 2.)

This Court is familiar with the typical inmate trust account statements available to federal prisoners. Plaintiff's submission appears incomplete and does not include the "Commissary History," "Commissary Restrictions," or "Comments" sections of a statement that typically follow the Account Balances section. The page is also not numbered.[1] As submitted, the statement appears to indicate that at some point during the previous six months Plaintiff's account received over $2,800 in deposits and that Plaintiff withdrew over $3,000 during that same period, suggesting may have Plaintiff had sufficient funds to pay the full filing fee for this action. Without an explanation[2] for those deposits and withdrawals, the Court still cannot determine

---

[1] Given lack of page numbers on the page provided, coupled with the dark line along one-half of the right-side of the page, additional information may have been available on a second page. The printout also does not include https://.../truweb/ and report date information typically seen at the very bottom of a statement.

[2] *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor"); *Owens v. Schultz*, No. 1:24-cv-00820-SKO, 2024 WL 3722881, at *1-2 (E.D. Cal. July 19, 2024) (directing plaintiff to "explain the sixteen [deposits] appearing on his Inmate Statement Report").

whether Plaintiff is entitled to IFP status.

Therefore, Plaintiff will be required to resubmit a *complete* inmate trust account statement which shall include the statement's page numbers to reflect when the entire statement was printed and shall include a declaration under penalty of perjury regarding the six-month period prior to and including October 30, 2025 (the date his complaint was filed), that explains each deposit and each withdrawal made during that period.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. **Within 14 days** of the date of service of this order, Plaintiff **SHALL** submit a complete inmate trust account statement, to include numbered pages, for the six-month period prior to October 30, 2025; and

2. **Within 14 days** of the date of service of this order, Plaintiff **SHALL** also provide a declaration, under penalty of perjury, concerning that same period, and explaining the following:

    a. All deposits made during the relevant period, including identifying the source of the deposited funds, whether inmate pay or gift, or otherwise; and

    b. All purchases and/or sale transactions made during the relevant period, identifying the item or items purchased for each transaction.

**Plaintiff is advised that a failure to comply with this order will result in a recommendation that this action be dismissed for a failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **December 4, 2025**               /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE