UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WOODS,<br><br>           Plaintiff,<br><br>   v.<br><br>T. TAYLOR, et al.,<br><br>           Defendants. | Case No.: 1:25-cv-01449-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 5)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Richard Woods is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.  BACKGROUND**

On October 31, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 Days. (Doc. 3.)  On November 18, 2025, Plaintiff filed an Application to Proceed In Forma Pauperis (IFP) by a Prisoner. (Doc. 5.)

On November 20, 2025, the Court issued an Order Directing Plaintiff to Provide an Inmate Trust Account Statement Within 14 Days. (Doc. 1.) On December 3, 2025, Plaintiff filed an untitled document, docketed as an Inmate Trust Account Statement, indicating he was providing his "6 Month Trust Account Statement." (Doc. 7.)

On December 4, 2025, the Court issued an Order Regarding Plaintiff's Filing of December 2, 2025, and Order Directing Plaintiff to Provide a Complete Inmate Trust Account Statement and Declaration Under Penalty of Perjury Explaining Deposits and Withdrawals. (Doc. 8.) Following an extension of time (*see* Docs. 9 & 10), on January 8, 2026, Plaintiff submitted a document titled "Response Motion to the Court Order Directing Plaintiff to Provide a Complete Inmate Trust Account Statement and Declaration Under Penalty of Perjury Explaining Deposits and Withdrawals." (Doc. 11.) The 33-page submission includes numerous documents pertaining to Plaintiff's inmate trust account maintained at FCI Mendota. (*Id.* at 2-33.) Plaintiff did not provide a declaration under penalty of perjury and the first page of the filing is not signed under penalty of perjury.

## II.    DISCUSSION

Plaintiff seeks to proceed IFP in this action. The undersigned must determine whether Plaintiff is entitled to do so. Plaintiff failed to provide a declaration under penalty of perjury explaining "[a]ll deposits made during the relevant period, including identifying the source of the deposited funds, whether inmate pay or gift, or otherwise; and … [a]ll purchases and/or sale transactions made during the relevant period, identifying the item or items purchased for each transaction." (*See* Doc. 8 at 3.)  The Court, however, considered the documents submitted as discussed below.

### *Plaintiff's Submission*

Plaintiff states he "finally got the prison to give him everything the Court have been asking for inside this letter/envelope, his 6 month inmate trust account statements." (Doc. 11 at 1.) The attached documents, dated January 5, 2026, include the following: (1) a one-page document titled "ViewDepositsCombined" (*id*. at 2); (2) a one-page document titled "ViewITSCombined" (*id*. at 3); (3) several pages titled "InmateStatementCombined," covering the period between 4/7/25 and 12/29/25 (*id*. at 4-12); (4) and several pages concerning sales transactions or "commissary receipts" for the relevant period (*id*. at 13-33).

//

//

*Applicable Legal Standards*

Proceeding IFP "is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). Although an IFP applicant need not be "destitute," a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948) (recognizing that an ability not to be able to pay for oneself and his dependents "the necessities of life" is sufficient). Thus, a plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Prisoners, unlike non-prisoner litigants, are in custody "and accordingly have the 'essentials of life' provided by the government." *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002).

Courts may take into consideration deposits and purchases in determining whether an individual should be granted IFP status. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted) (courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor").

The courts are inclined to reject IFP applications where an applicant can pay the filing fee with an acceptable sacrifice to other expenses. *See, e.g.*, *Casey v. Haddad*, No. 1:21-CV-00855-SKO-PC, 2021 WL 2954009, at *1 (E.D. Cal. June 17, 2021), report and recommendation adopted, No. 1:21-CV-00855-DAD-SKO-PC, 2021 WL 2948808 (E.D. Cal. July 14, 2021) (finding prior balance of $1000, despite being decreased to $470 shortly before filing action sufficient to pay $402 filing fee); *Riddell v. Frye*, No. 1:21-CV-01065-SAB-PC, 2021 WL 3411876, at *1 (E.D. Cal. July 9, 2021), report and recommendation adopted, No. 1:21-CV-01065-DAD-SAB-PC, 2021 WL 3472209 (E.D. Cal. Aug. 6, 2021) (finding available balance of $1297.21 sufficient to pay $402 filing fee and denying IFP).

*Analysis*

As previously noted, Plaintiff's November 18, 2025, IFP application indicates that Case Manager Carasco certified that at various times in the previous six months, Plaintiff's trust

account monthly balance and deposits amounted to more than $490, a sum greater than the applicable $405 filing fee, despite a then-current balance of $0.28. (*See* Doc. 8; *see also* Doc. 5 at 2.) Because the IFP application did not include a certified copy of Plaintiff's inmate trust account, the Court ordered one to determine whether Plaintiff is entitled to proceed IFP. (*Id.*)

The Court has reviewed the documents provided by Plaintiff. Considering the relevant period — the six months prior to Plaintiff filing suit, or April 30 to October 30, 2025 —17 deposits were made to Plaintiff's inmate trust account totaling $3,252.33 (Doc. 11 at 2.)[1]

As for commissary purchases during that period, in June 2025, Plaintiff made a commissary purchase totaling $359.95. Although several purchases involved hygiene products or other non-consumable items[2] (e.g., toothpaste, soap), most of the items purchased were snack items like cookies, pastries, chips, crackers, candy, ramen and nuts. (Doc. 11 at 13.) In round numbers, those snack items totaled $176. (*Id.*) On July 9, 2025, Plaintiff's commissary purchase totaled $99.05 with approximately $80 consisting of snack items. (*Id.* at 14.) On July 30, 2025, Plaintiff purchased $199.80 in commissary goods; snack items totaled approximately $97 on that occasion. (*Id.* at 16.) On August 5, 2025, Plaintiff purchased $90.35 in commissary goods; snack items totaled approximately $66. (*Id.* at 17.) Of the $159.80 spent on August 20, 2025, $102 was for snack items. (*Id.* at 18.) Of the $99.85 spent on September 5, 2025, $48 was for snack items. (*Id.* at 19.) Then, on September 24, 2025, of the total $263.65 spent, $117 was used to purchase snack items. (*Id.* at 20.) On October 7, 2025, Plaintiff spent $28 on snack items from a total $79.88 commissary purchase. (*Id.* at 22.) On October 21, 2025, he spent $54 on snacks out of a $112.15 total. (*Id.* at 23.) Finally, on October 28, 2025, Plaintiff's commissary purchases totaled $280.05; of those, snack items totaled approximately $92. (*Id.* at 24-25.)

Accordingly, during the relevant period, Plaintiff received more than $3,000 in deposits and purchased a total of about $860 in snack items with those funds. *Olivares*, 59 F.3d at 112; *see*

---

[1] The Court did not consider the twenty "Phone Transfers" totaling 318.66. (*See* Doc. 11 at 3.)

[2] The Court did not consider all food purchases to be snack purchases. For example, rice, beans, coffee, and peppers or chilies were not counted as snacks.

4

*also Hammler v. Dignity Health*, No. 1:20-cv-01778-JLT-HBK, 2022 WL 206757, at *2 (E.D. Cal. Jan. 24, 2022) ("A court need not authorize a party to proceed in forma pauperis where that individual had the funds to pay the filing fee, but subsequently chose to spend them elsewhere"), recommendation adopted, 2023 WL 4305451 (E.D. Cal. June 30, 2023).

In sum, Plaintiff has failed to show he was indigent. *Adkins*, 335 U.S. at 339-40; *Taylor*, 281 F.3d at 849; *McQuade*, 647 F.2d at 940. Plaintiff had sufficient funds to pay the $405 filing fee for this action during the relevant period, particularly where he spent more than twice the filing fee on snack items. *Olivares*, 59 F.3d at 112; *Lumbert*, 827 F.2d at 260; *Hammler*, 2022 WL 206757, at *2; *Casey*, 2021 WL 2954009, at *1.

### III.    CONCLUSION AND RECOMMENDATION

The Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1.  Plaintiff's IFP application (Doc. 5) be **DENIED** because he had sufficient funds with which to pay the required $405 filing fee; and

2.  Plaintiff be ordered to pay the required $405 filing fee within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **January 12, 2026**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE